UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| ROBERT W. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:24-CV-163 |
| ) | |
| U.S. SECURITIES AND EXCHANGE ) | |
| COMMISSION, et al., ) | |
| ) | |
| Defendant. ) | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff Robert W. Johnson filed a pro se[1,2] Complaint [Doc. 2] and an accompanying Motion [Doc. 1] in which he asks to proceed *in forma pauperis*. The Motion to proceed *in forma pauperis* is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court.

**I.   *IN FORMA PAUPERIS* APPLICATION**

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute allows a litigant to commence a civil action in

---

[1] In Plaintiff's Motion, he lists "Attorney Willie Johnson" with Bar Number: 999999 as his attorney. [Doc.2, p. 6]. However, a search of the New York State Unified Court System does not reveal an attorney licensed in New York under that name or bar number. New York State Unified Court System, Attorney Online Services – Search, https://iapps.courts.state.ny.us/attorneyservices/search?5 (last visited Sept. 6, 2024). Therefore, Plaintiff's Complaint will be treated as a *pro se* complaint. Plaintiff is reminded that making false statements in a pleading submitted to the Court may result in him being sanctioned.

[2] Plaintiff has also filed an unsigned Appearance of Counsel [Doc. 3] in this case, claiming that Julie and Holleman LLP, a New York law firm, is representing him in this case. However, the Appearance of Counsel is unsigned, and the e-mail address, telephone number, and FAX number included on the document do not match any of the contact information provided on Julie and Holleman LLP's website. Julie & Holleman LLP, Contact the Firm, https://julieholleman.com/contact/.

federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). To proceed *in forma pauperis*, a plaintiff must show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342. An affidavit to proceed *in forma pauperis* is sufficient if it demonstrates that the requesting party cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the Court has considered Plaintiff's Motion for Leave to Proceed *in forma pauperis* and his economic status in deciding whether to grant leave to proceed *in forma pauperis*. The Court finds that Plaintiff's Motion sets forth grounds for allowing him to proceed *in forma pauperis*; thus, the Motion [Doc. 1] is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see also Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). At the same time, for the reasons set forth below, **the Clerk shall not issue process at this time.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See also Neitzke*, 490

U.S. 319, 109 S.Ct. 1827.³ The Court recommends that Plaintiff's claim not proceed for the reasons stated below.

## II. FACTUAL ALLEGATIONS

In his Complaint, Plaintiff asserts that the Carrols Restaurant Group and Restaurant Brands International engaged in "Ponzi schemes and stock exchange fraud" when Carrols Restaurant Group was sold to Restaurant Brands International. [Doc. 2 p. 4]. Plaintiff has not filed suit against Carrols Restaurant Group and Restaurant Brands International, but instead alleges that the U.S. Securities and Exchange Commission and its counsel, Eric J. Young and Michael H. Hurwitz, have discriminated against Plaintiff for reporting the Ponzi schemes and stock exchange fraud. *Id.*

Based upon these allegations, Plaintiff asks that he be granted judgment against Defendants U.S. Securities and Exchange Commission, Eric J. Young, and Michael H. Hurwitz in the total amount of $1,000,350,000.00, i.e., one billion dollars each for fraud, denial of wrongdoing, and punitive damages, and $350,000 as a whistleblower award. *Id.* at 5.

## III. LEGAL ANALYSIS

The Court begins its analysis by noting that Plaintiff has a long history of vexatious litigation in other jurisdictions. In 2022, the Northern District of New York characterized plaintiff as having an "extensive and abusive litigation history." *Johnson v. Russo*, Nos. 5:22-cv-00439-GTS-TWD, 5:22-cv-00440-GTS-TWD, 5:22-cv-00441-GTS-TWD, 5:22-cv-00442-GTS-TWD, 5:22-cv-00443-GTS-TWD, 5:22-cv-00444-GTS-TWD, 5:22-cv-00445-GTS-TWD, 5:22-cv-00446-GTS-TWD, 5:22-cv-00447-GTS-TWD, 5:22-cv-00448-GTS-TWD, 5:22-cv-00449-GTS-TWD, 5:22-cv-00450-GTS-TWD, 5:22-cv-00451-GTS-TWD, 5:22-cv-00452-GTS-TWD, 5:22-

---

³ While Plaintiff is not a prisoner, 28 U.S.C. § 1915 is not limited to prisoner suits despite its references to prisoners. *United States v. Floyd*, 105 F.3d 274, 36 Fed. R. Serv. 3d 1330 (6th Cir. 1997) and *Powell v. Hoover*, 956 F. Supp. 564 (M.D. Pa. 1997).

cv-00453-GTS-TWD, 5:22-cv-00454-GTS-TWD, 5:22-cv-00455-GTS-TWD, 5:22-cv-00456-GTS-TWD, 5:22-cv-00457-GTS-TWD, 2022 WL 1490375 at *2 (N.D.N.Y. May 11, 2022). He was ultimately banned by that court from making any further *pro se* filings without permission of the court's chief judge. *In re Johnson*, No. 5:22-PF-0003 (GTS), 2022 WL 1597718 at *2 (N.D.N.Y. May 19, 2022) Similar injunctions have been issued against Plaintiff in the Southern District of New York, District of Connecticut, Southern District of Ohio, and Eastern District of Ohio. *Russo,* 2022 WL 1490375 at *2 (citing *n re: Robert W. Johnson, Respondent*, No. 5:22-PF-0003 (GTS), 2022 WL 1443311 (N.D.N.Y. May 6, 2022) (collecting cases); *see, e.g.*, *Johnson v. Wolf*, No. 1:19-cv-07337-GHW, Bar Order (S.D.N.Y. July 13, 2020); *Johnson v. New York Police Dep't*, No. 1:20-cv-01368-CM, Bar Order (S.D.N.Y. Aug. 13, 2020); *Johnson v. Town of Onondaga*, No. 1:19-cv-11128-CM, Bar Order (S.D.N.Y. Apr. 1, 2021); *Johnson v. Vera House, Inc.*, No. 3:22-CV-00314-SALM, Bar Order (D. Conn. Apr. 13, 2022); *Johnson v. Coe*, Nos. 2:19-CV-02428-EAS, 2:19-CV-02490-EAS, 2:19-CV-02865-EAS, Bar Order (S.D. Ohio Aug. 5, 2019); *Johnson v. Abel*, No. 19-CV-2685, Bar Order (E.D. Ohio Aug. 5, 2019) (deeming Plaintiff a "vexatious" litigant and barring him from filing new *pro se* actions without prior leave of court). The Court further notes that this is the second filing recently made by Plaintiff in this district, with the undersigned having already recommended dismissal of the first because it was frivolous.[4]

In turning to Plaintiff's second filing here, the Court liberally construes Plaintiff's claims because he is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Even under this lenient standard, a claim will be dismissed if it is frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke,* 490 U.S. at 325). For a complaint to survive the §1915 screening

---

[4] *Johnson v. Bureau of Admin. Adjudication*, 2:24-cv-157 (E.D. Tenn. 2024).

process, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Zelesnik v. GE Healthcare*, No. 1:18-CV-2443, 2018 WL 5808749, at *1 (N.D. Ohio Nov. 6, 2018) (quoting *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)). This being the case, the Court will not "conjure allegations on a litigant's behalf" to help a pro se litigant survive the §1915 screening process. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). This limitation helps courts avoid "'transform[ing] . . . from their legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies. . . .'" *Profitt v. Divine Sol.*, No. 3:10-CV-311-S, 2010 WL 2203310, at *1 (W.D. Ky. May 27, 2010) (quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985)).

From a procedural perspective, the Court first finds that the Eastern District of Tennessee is not the appropriate forum in which to address the claims Plaintiff has asserted. Pursuant to 28 U.S.C. § 1391, venue is appropriate only in the district where any defendant resides if all defendants live in the same state, the district where a "substantial part of the events or omissions giving rise to the claim occurred. . ." or any judicial district where any defendant is subject to personal jurisdiction if neither of the first two options are applicable. In his Complaint, Plaintiff lists a single Washington, D.C., address for all Defendants and makes no statements in his Complaint which would indicate that any Defendant is subject to personal jurisdiction in the Eastern District of Tennessee. Additionally, Plaintiff does not allege that any event or omission involving Defendant occurred within the Eastern District of Tennessee. Still, if Plaintiff has set forth a colorable claim but filed that claim in the wrong forum, the action may be transferred to the appropriate venue. *See* 28 U.S.C. § 1406.

As such, the Court will now turn to the substance of the claims asserted by Plaintiff. In his Complaint, while Plaintiff alleges that Carrols Restaurant Group and Restaurant Brands

International engaged in "ponzi schemes and stock exchange fraud" by the sale of Carrols Restaurant Group to Restaurant Brands International, he has failed to describe any specific actions that either entity took which would give rise to his claims and has not explained in what way he was allegedly harmed by their conduct. [Doc. 2 p. 4]. Plaintiff has also alleged that the U.S. Securities and Exchange Commission, Eric J. Young, and Michael H. Hurwitz have discriminated against him for reporting these alleged Ponzi schemes and stock exchange fraud, but he again fails to describe any specific action that any of these defendants took which would give rise to a discrimination claim. *Id.* As such, the Court finds it appropriate to recommend that Plaintiff's claims be dismissed.

In making that recommendation, the Court acknowledges that a *pro se* plaintiff is generally to be provided with an opportunity to amend his or her complaint before the court determines whether dismissal is appropriate. *See* Fed. R. Civ. P. 12(b)(6); *Brown v. Matauszak,* 415 F. App'x 608, 615 (6th Cir. 2011). Still, to be entitled to an opportunity to amend the plaintiff must have demonstrated that he or she has at least an arguable claim. *Id.* In the case at hand, Plaintiff has set forth no facts whatsoever to demonstrate that he has a colorable claim against Defendants, nor does it appear that he would be able to do so if provided with an opportunity to amend.

Now that this Court has found that the second of Plaintiff's recent filings also appears to be frivolous, the Court turns to the issue of whether Plaintiff should be referred to the Chief District Judge for consideration as a frivolous filer. Courts have the authority to restrict prolific litigants from repeatedly filing frivolous matters without first obtaining leave of court. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991); *Jones v. Kolb*, 91 Fed. Appx. 367, 369 (6th Cir. 2003). The Sixth Circuit has determined that restricting prolific litigators from filing any document without prior approval by the Court is a proper method for handling the complaints of prolific

litigators. *Filipas v. Lemons*, 835 F.2d 1145, 1145 (6th Cir. 1987); *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 (6th Cir. 1998). "A prefiling review requirement is a judicially imposed remedy whereby a plaintiff must obtain leave of the district court to assure that the claims are not frivolous or harassing" and such a requirement is appropriate when a litigant has demonstrated a pattern of repetitive or vexatious litigation, particularly where "a litigant is merely attempting to collaterally attack prior unsuccessful suits." *Raimondo v. United States*, No. 21-10854, 2022 WL 3581144, at *5 (E.D. Mich. Aug. 19, 2022).

To impose such a restriction, the Court must "'identify a pattern of repetitive, frivolous, or vexatious filings.'" *United States v. Petlechov*, 72 F.4th 699, 710-711 (6th Cir. 2023) (quoting *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 (6th Cir. 2020)). Although litigiousness alone is not sufficient to support an injunction, "a pattern of filing repetitious or frivolous actions is a waste of judicial resources," and because the Court has a "responsibility to see that [judicial] resources are allocated in a way that promotes the interests of justice … the Court may impose sanctions on [litigants who] continue to file repetitious or frivolous claims." *Porter v. D + C Recovable arm. Tr.,* No. CV 23-40170-MRG, 2024 WL 967575, at *2 (D. Mass. Mar. 6, 2024) (internal quotations omitted). *See, e.g.*, *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021) ("[A] plaintiff's duplicative complaint is an abuse of the judicial process."); *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) ("When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process.").

While it is the current procedure in this district to issue a warning after three frivolous lawsuits are filed here and an injunction on the filing of the fourth, the undersigned recommends that the Court enter a permanent injunction against Plaintiff at this time due to his pattern of vexatious filing in this district as well as those set forth above. Plaintiff first filed a complaint in

this district on August 28, 2024, making barebones allegations of discrimination by the Bureau of Administrative Adjudication.[5] Just one week later, Plaintiff filed the Complaint at issue in this case. Plaintiff has begun a pattern of vexatious filing in this district which has already consumed significant judicial resources and will continue to do so until a permanent injunction is imposed upon him. Given that Plaintiff is already subject to similar injunctions and warnings in the Southern District of New York, District of Connecticut, Southern District of Ohio, and Eastern District of Ohio, and, as stated by the Northern District of New York, it is fair to say that he meets the definition of having an "extensive and abusive litigation history[,]" making him a proper candidate for filing restrictions. *Russo,* 2022 WL 1490375 at *2.

IV.     CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's Complaint [Doc. 2] be **DISMISSED with prejudice** because the claims set forth therein are devoid of legal and factual merit. The undersigned further recommends that this matter be referred to the Chief District Judge for a determination of whether Plaintiff should be declared a vexatious litigant.

This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[6]

So ordered and respectfully submitted,

/s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[5] *Johnson v. Bureau of Administrative Adjudication*, No. 2:24-cv-157, (E.D. Tenn. 2024).
[6] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).